Peter Strojnik (Sr.),
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>Singpoli Group, LLC dba DusitD2 Hotel Constance Pasadena<br><br>Defendant. | Case No: CV19-66-JLS (AGRx)<br><br>**VERIFIED COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Discrimination in Public Accommodations (State Law)**<br>3. **Negligence**<br><br>**JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

014553

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 928 E. Colorado Blvd., Pasadena CA 91106 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the Pasadena area and therefore, reviewed vacation booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

3

21. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

22. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

23. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

24. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

25. Plaintiff booked a room at the Hotel and stayed there October 13, 2018.

26. The removal of accessibility barriers listed above is readily achievable.

27. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

28. Plaintiff realleges all allegations heretofore set forth.

29. Plaintiff intended to visit the Pasadena area and spend a night there.

30. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

31. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

32. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

33. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

34. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

35. Plaintiff subsequently declined to book a room at the Hotel.

36. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

37. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

38. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

39. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven

1    at trial, but in no event less than $4,000.00 per encounter with each barrier to
2    accessibility.

3    40. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven
4    at trial.

5    WHEREFORE, Plaintiff demands judgment against Defendant as follows:

6    a.    A Declaratory Judgment that at the commencement of this action Defendant was
7    in violation of the specific requirements of Unruh; and

8    b.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if
9    applicable, a permanent injunction pursuant to Unruh which directs Defendant to
10    take all steps necessary to bring its accommodation into full compliance with the
11    requirements set forth in the Unruh, and its implementing regulations, so that the
12    Hotel facilities are fully accessible to, and independently usable by, disabled
13    individuals, and which further directs that the Court shall retain jurisdiction for a
14    period to be determined after Defendant certifies that its facilities are fully in
15    compliance with the relevant requirements of the Unruh to ensure that Defendant
16    has adopted and is following an institutional policy that will in fact cause
17    Defendant to remain fully in compliance with the law; and

18    c.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if
19    applicable, the payment of costs of suit; and

20    d.    Order closure of the Defendant's place of public accommodation until Defendant
21    has fully complied with the Unruh; and

22    e.    For damages in an amount no less than $4,000.00 per encounter with barrier; and

23    f.    For treble damages pursuant to Cal Civ. Code. §3345.

24    g.    The provision of whatever other relief the Court deems just, equitable and
25    appropriate.

26

27    **COUNT TWO**
28    **(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

41. Plaintiff realleges all allegations heretofore set forth.

42. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

43. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

44. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

45. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

46. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e.  For damages in an amount no less than $1,000.00 per violation per encounter; and

f.  For treble damages pursuant to Cal Civ. Code. §3345.

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
Negligence

47. Plaintiff realleges all allegations heretofore set forth.

48. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

49. Defendant breached this duty.

50. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

51. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

52. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

53. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

54. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria,

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

55. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

56. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

57. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

58. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

59. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

60. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

61. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

62. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

63. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

64. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

65. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

66. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and/or belief.

RESPECTFULLY SUBMITTED this 20th day of December, 2018.

                               **PETER STROJNIK**

                               Plaintiff

## ADDENDUM A



**3RD PARTY BOOKING WEBSITE**
**HOTELS.COM**

Dusitd2 Hotel Constance Pasadena (Last booked 1 hour ago)
928 E. Colorado Blvd., Pasadena, CA. 91108, United States, 866-573-4235

Pasadena
1.1 miles to City center
21 miles to Los Angeles Intl. (LAX)
Collect nights

Superb 9.0
358 Hotels.com guest reviews
442 reviews

Loved by guests

Great Rate
$268 $198
✓ free cancellation
✓ pay now or at hotel
✓ Enter coupon code: FIELD30AL

**Choose Room**

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018. |



Main amenities
✓ 130 smoke-free guestrooms
✓ Restaurant and bar/lounge
✓ Outdoor pool
✓ Breakfast available
✓ Free area shuttle
✓ Valet parking
✓ 24-hour business center
✓ Terrace
✓ 24-hour front desk
✓ Air conditioning
✓ Daily housekeeping
✓ Laundry service
✓ Free WiFi

For families
✓ Refrigerator
✓ Connecting/adjoining rooms available
✓ Premium TV channels
✓ Free toiletries
✓ Terrace
✓ Daily housekeeping

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018. |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.

### In the room

| | |
|---|---|
| Home comforts | Air conditioning  |  Coffee/tea maker  |  Bathrobes  |  Iron/ironing board |
| Sleep well | Hypo-allergenic bedding available  |  Turndown service  |  Premium bedding |
| Freshen up | Free toiletries  |  Hair dryer |
| Be entertained | Flat-screen TV  |  Premium TV channels  |  iPad |
| Stay connected | Desk  |  Free WiFi |
| Food and drink | Refrigerator  |  Free bottled water |
| More | Daily housekeeping  |  In-room safe  |  Connecting/adjoining rooms available |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.

### Special features

**Dining**

Constance Perry's - This restaurant specializes in Californian cuisine and serves breakfast, lunch, dinner, and light fare. Guests can enjoy drinks at the bar. Happy hour is offered. Open daily.

Perry's Lounge - This lobby lounge specializes in Californian cuisine and serves lunch, dinner and light fare. Happy hour is offered. Open daily.

**Awards and affiliations**

- The property is a member of Preferred Hotels & Resorts.

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.

### Dusitd2 Hotel Constance Pasadena, Pasadena's small print

**Also known as**

- dusitD2 hotel constance pasadena
- dusitD2 hotel constance
- See more

**Policies**

This property requires full payment 30 days prior to arrival. To complete the reservation process and obtain additional information, please contact the office using the information on the reservation confirmation received after booking.

The property has connecting/adjoining rooms, which are subject to availability and can be requested by contacting the property using the number on the booking confirmation.

Rollaway/extra beds can be requested by contacting the property at the number on the booking confirmation.

- Pool access available from 8 AM to 10 PM
- Please note that cultural norms and guest policies may differ by country and by property. The policies listed are provided by the property.

**Mandatory fees**

Deposit: USD 250.00 per stay

**Optional extras**

Valet parking costs USD 25.00 per night with in/out privileges

Rollaway beds are available for USD 25 per night

Breakfast costs between USD 6.00 and USD 25.00 for adults, and USD 6.00 and USD 25.00 for children (approximately)

Pets are allowed for an extra charge of USD 75 per accommodation, per stay

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.

14

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 9, 2018.

**1ST PARTY BOOKING WEBSITE**
**https://www.dusit.com/dusitd2/pasadena/**
No accessible infromation or options:





**Facilities & Services**

- iPad virtual concierge in guestrooms
- Smart HDTV
- In-room connectivity panel compatible with guests' mobile devices
- Complimentary Wi-Fi
- Complimentary Bottled Water
- Intimate Event Space
- Laundry and Dry Cleaning
- Turn-down Service
- Valet Parking
- Complimentary premier Breakthru Fitness Club

## BOOKING PROCEDURE

### Dusitd2 Hotel Constance Pasadena

You are signed in as ps@strojnik.com. Sign out

🌙 2  3  4  5
6  7  8  9  10  = 🌙 FREE    You'll collect 1 night with this stay

### 🛏 Step 1: Room details

**Deluxe Room**

King Bed, Non Smoking

**First name**
Please give us the name of one of the people staying in this room.

Peter    ✓

**Last name**

Strojnik    ✓

> Any special requests?

⌐ Any accessibility requests?

✓ Accessible bathroom

✓ In-room accessibility

✓ Roll-in shower

Please include detail of your accessibility options (e.g. accessible bathroom). After reservation, the hotel will be notified of your accessibility option to confirm availability. If confirmed by the hotel, you will receive a confirmation email. If you do not receive a confirmation email within 24 hours of the day that you made your reservation, please contact the hotel directly to confirm or to help make alternate arrangements. Accessibility options are not guaranteed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Step 2: Your details**

Email address
Your confirmation email goes here

ps@strojnik.com            ✓

Cell phone number
We'll only contact you in an emergency

6025246602                 ✓

☑ Update my profile with my booking details

If you don't book now, this amazing deal could be gone

**Step 3: Payment details**          Your reservation is safe and secure

Hurry, that's the cheapest room at Dusitd2 Hotel Constance Pasadena! Book it now.

✓ We never charge any credit card fees

Saved card

AmericanExpress (1000)   ▼  ✓

American Express ending in 1000

Security code

436⁣1   ✓

This guarantees your booking, you don't pay now.

The hotel accepts the following payment methods

AMEX    DinersClub    MasterCard    DISCOVER    JCB    ●

VISA

We use bank-level security!

✓  Norton verified as secure
✓  We encrypt all data
✓  We're PCI/DSS-compliant

Your card won't be charged - it's only needed to guarantee your booking

In a rush? No problem. We don't need your full address as you can book securely without it.

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Dear Peter, your reservation is confirmed. The hotel will charge you $228.09.**

Manage booking   Book again

**Dusitd2 Hotel Constance Pasadena**

928 E. Colorado Blvd.
Pasadena
91106
CA
US

+16268987900

| | |
|---|---|
| Hotels.com confirmation number | 8108734029982 |
| Check-in | Saturday, October 13, 2018 |
| Check-out | Sunday, October 14, 2018 (noon) |
| Your stay | 1 night, 1 room |
| Cancellation policy | Free cancellation until 10/11/18 6:00 PM (GMT-07:00) |
| **Amount to pay at hotel in the local currency** | **$228.09** |

Free premium WiFi (per day)

**Use our app for paperless check in.**
Need access to this confirmation offline? Get our app.

Download app now

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Room details

| | |
|---|---|
| **Room** | Deluxe Room<br>Peter Strojnik, 2 adults |
| **Preferences** | Non Smoking, King Bed |
| **Accessibility requests** | Accessible bathroom, In-room accessibility, Roll-in shower |
| | **Please note:** Preferences and requests cannot be guaranteed. Special requests are subject to availability upon check-in and may incur additional charges. |
| **Facilities** | (🛜) FREE WIFI |

**1 King Bed**
230-sq-foot (21-sq-meter) room with city views

**Internet** - Free WiFi
**Entertainment** - Flat-screen TV, premium channels, and iPad
**Food & Drink** - Refrigerator, coffee/tea maker, room service, and free bottled water
**Sleep** - Premium bedding and turndown service
**Bathroom** - Partially open bathroom, shower, bathrobes, and free toiletries
**Practical** - Safe, iron/ironing board, and desk; free cribs/infant beds available on request
**Comfort** - Air conditioning and daily housekeeping
**Accessibility** - Wheelchair accessible
**Need to Know** - No rollaway/extra beds available
Non-Smoking, pet friendly
Connecting/adjoining rooms can be requested, subject to availability

## PERSONALLY ENCOUNTERED BARRIERS



| **Identification of Specific Barrier in Plain Language:** Inaccessible route closest to passenger drop off. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018. |





| **Identification of Specific Barrier in Plain Language:** More than 5 lbs needed to open accessible door. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018. |



| Identification of Specific Barrier in Plain Language: Inaccessible check in counter. |
|---|
| The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel: Barrier denied Plaintiff full and equal access. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about October 13-14, 2018. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible breakfast bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018.



**Identification of Specific Barrier in Plain Language:** Inaccessible spa.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018.



| **Identification of Specific Barrier in Plain Language:** Inaccessible roll in shower. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018. |



| Identification of Specific Barrier in Plain Language: Non compliant seat and harware. |
|---|
| The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel: Barrier denied Plaintiff full and equal access. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about October 13-14, 2018. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible clothes iron.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018.



| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** No positive shut off on shower handle. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Door to room requres more than 5 lbs to open.

| The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel: Barrier denied Plaintiff full and equal access. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about October 13-14, 2018. |



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Improperly configured handrails on ramp.  No left side handrails.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 13-14, 2018.



**Identification of Specific Barrier in Plain Language:** More than 5 lbs needed to open shower enclosure.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about October 12-13, 2018.

**END**



# PRIORITY
## ★ MAIL ★



### FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT™



P S00001000014

EP14F July 2013
OD: 12.5 x 9.5



★ Domestic only.    ★★ For international shipments, the maximum weight is 4 lbs.