LAW OFFICES OF PHILIP Y KIM, APC
PHILIP Y. KIM, SBN 197760
25 E Foothill Blvd.
Arcadia, CA. 91006
Telephone: (909) 762-1616
Email: pyklaw@gmail.com

Attorneys for Defendant Park Place Commercial, LP
dba Hotel Constance Pasadena erroneously sued as
Singpoli Pacifica, LLC dba DusitD2 Hotel Constance Pasadena

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>        Plaintiff,<br> vs.<br><br>Park Place Commercial, LP dba Hotel Constance Pasadena, a California limited partnership erroneously sued as Singpoli Group, LLC dba DusitD2 Hotel Constance Pasadena,<br><br>        Defendant. | Case No.: 2:19-CV 19-00066-JLS-AGR<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Park Place Commercial, LP dba Hotel Constance Pasadena erroneously sued as Singpoli Pacifica, LLC dba DusitD2 Hotel Constance Pasadena, by and through the undersigned counsel, hereby answers Plaintiff's Complaint, and alleges as follows:

1. Denied.

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies them.

5. Defendant Singpoli Pacifica, LLC has been erroneously sued as the owner of the hotel. The hotel is owned and operated by Park Place Commercial, LP. Park Place admits that it is the owner of the Hotel and not Singpoli Pacifica, LLC.

6. Admitted that venue is proper here with respect to plaintff's ADA claims against Defendant. The remaining allegations in this paragraph are denied.

7. Denied.

8. Denied.

9. Admitted that venue is proper here with respect to plaintff's ADA claims against Defendant. The remaining allegations in this paragraph are denied.

10. Denied.

11. Denied.

12. Denied.

13. Same responses are incorporated herein as above.

14. Denied.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies them.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19. Denied.

20. Denied.

**ANSWER TO COMPLAINT**

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admit that a person by the name of Peter Strojnik stayed at the hotel on October 13, 2018.

26. Denied as to the existence of any accessibility barriers.

27. Denied.

28. Same responses are incorporated herein by this reference.

29. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

30. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies them.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies them.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies them.

33. Denied.

34. Denied.

35. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies them.

36. Denied.

37. Plaintiff merely states legal conclusions which requires no response and the Unruh Act speaks for itself.

38. Denied.

39. Denied.

**ANSWER TO COMPLAINT**

40. Denied.
41. Same responses are incorporated herein by this reference.
42. Denied.
43. Plaintiff merely states legal conclusions which requires no response and the statute speaks for itself.
44. Denied.
45. Denied.
46. Denied.
47. Same responses are incorporated herein by this reference.
48. Denied.
49. Denied.
50. Nothing to deny or admit.
51. Denied.
52. Nothing to deny or admit.
53. Denied.
54. Nothing to deny or admit.
55. Denied.
56. Nothing to deny or admit.
57. Denied.
58. Nothing to deny or admit.
59. Denied.
60. Nothing to deny or admit.
61. Denied.
62. Denied.
63. Denied.
64. Denied.

65. Denied.

66. Denied.

67. All other allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Named Plaintiff lack standing to challenge barriers because he is not disabled person as defined by the ADA and DPA.

**Second Affirmative Defense**

Plaintiff claims are moot.

**Third Affirmative Defense**

Plaintiff claims are barred by the applicable statutes of limitation.

**Fourth Affirmative Defense**

This Court lacks supplemental jurisdiction over Plaintiffs' state law claims.

**Fifth Affirmative Defense**

This Court lacks diversity jurisdiction over Plaintiffs' state law claims under the "local controversy" exception to the CAFA, 28 U.S.C. § 1332(d)(4)(A).

**Sixth Affirmative Defense**

Plaintiff have failed to state a claim under Unruh and the CDPA as against Defendant.

**Seventh Affirmative Defense**

Plaintiff claims are barred because, with respect to any particular architectural element that departs from accessibility guidelines, the hotel has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**Eighth Affirmative Defense**

ANSWER TO COMPLAINT

Plaintiff claims are barred because the claimed violations are "de minimis," and non actionable because they do not materially impair Plaintiffs' use of an area for an intended purpose.

**Ninth Affirmative Defense**

Plaintiff claims are barred because the modifications Plaintiffs seek are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**Tenth Affirmative Defense**

Plaintiff claims are barred because the alterations made are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

**Eleventh Affirmative Defense**

The Complaint does not satisfy the requirements of Fed. R. Civ. P. 23(a) and 23(b).

**Twelfth Affirmative Defense**

Defendant has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

**Thirteenth Affirmative Defense**

Plaintiff have failed to mitigate their damages, if any.

**Fourteenth Affirmative Defense**

Plaintiff claims under the CDPA and Unruh Act are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

**Fifteenth Affirmative Defense**

6

ANSWER TO COMPLAINT

The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

**Sixteenth Affirmative Defense**

The imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the California Constitution and the United States Constitution.

**Seventeenth Affirmative Defense**

Defendant is not legally responsible for property that is not within its possession, custody or control.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and for an award of costs, attorneys' fees, and such other relief as the Court deems appropriate.

DATED: January 24, 2019                    LAW OFFICES OF PHILIP Y KIM, APC

                                           Philip Y Kim
                                           Attorneys for Defendant