JS-6

JS-6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LACV 19-00066 JLS (AGR)                              Date: February 14, 2019
Title:   Peter Strojnik Sr. v. Singpoli Group, LLC

___

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        (In Chambers) **ORDER DISMISSING CASE WITH PREJUDICE**

This matter is before the Court on the response of pro se Plaintiff Peter Stronjnik to the Court's Order to Show Cause ("OSC") why it should not dismiss this case in light of Plaintiff's failure to comply with the Court's Order to serve the ADA packet on Defendant.  (*See* Doc. 12.)  Plaintiff responded to the OSC, stating that the proof of service attached to his response evidenced service of the ADA packet. (Doc. 13, Pltf. Resp. at 1.)  Plaintiff also represents that his failure to obey the Court's Order was "due to [his] unfamiliarity with the requirements of the Central District Rules."  (*Id.*)

Plaintiff's response is insufficient.  First, the proof of service attached to Plaintiff's response does not evidence service of the ADA packet. Instead, the document, executed by a registered process server, evidences service of the summons only.  This is a copy of the Proof of Service already on the docket, which was filed before the Court issued its OSC.  (*See* Doc. 8 (Proof of Service of Summons); Doc. 12 (OSC); *cf.* Doc. 13 at 2-3 (attaching copies of Doc. 8 as evidence of proof of service of the ADA packet).)

Next, as to Plaintiff's professed reason for his failure to comply with the Court's Order, pro se litigants are not excused from compliance with Court procedure. Compliance with all relevant rules of procedure is expected, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, this Court's Local Rules, Judge Staton's procedures web page (http://www.cacd.uscourts.gov/honorable-josephine-l-staton), the Court's Initial Standing Order, and the Court's Civil Trial Order.

___

**CIVIL MINUTES – GENERAL**                                                                               1

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LACV 19-00066 JLS (AGR)                               Date: February 14, 2019
Title: Peter Strojnik Sr. v. Singpoli Group, LLC
_____

Moreover, Plaintiff need not have been familiar with the rules of procedure to understand his obligation to serve Defendant with the ADA packet. His obligation was printed on the first page of the packet. This first page is entitled "Notice to Parties," and under the heading of "Instructions to Plaintiff," the second paragraph reads:

> Plaintiff is directed to serve the ADA Packet on Defendant(s) at the same time the summons and complaint are served, if possible. If, upon receipt of this Notice to Parties, Plaintiff has already served Defendant(s), Plaintiff must serve the ADA Packet no later than fourteen (14) days after this Notice to Parties is filed with the Court. Within three (3) days of serving Defendant(s), Plaintiff must file with the Court a proof of service indicating that the ADA Packet was served on Defendant(s).

(Doc. 7 at 1.) Thus, Plaintiff's explanation for his failure to comply with the Court's Order is disingenuous.

Finally, Plaintiff's professed ignorance and implication that he did not understand his obligation to familiarize himself with court procedure is simply not credible. Although Plaintiff is a pro se litigant in this forum, he is also an Arizona lawyer with extensive experience litigating ADA access cases.[1] Plaintiff's Arizona law license is currently suspended. A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. *See, e.g., Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *10 (D. Ariz. May 25, 2018) (dismissing for lack of standing eight ADA access cases Plaintiff filed on behalf of the same client). Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant.[2] Rather than being a befuddled pro se litigant who erroneously

---

[1] The Court takes judicial notice of information found at pacer.gov and azbar.legalserviceslink.com. Plaintiff's name, address, and telephone number match that of Peter Strojnik, Arizona Bar No. 006464, whose current status is "suspended" as of July 11, 2018.

[2] The Court recognizes that such serial litigation is prohibited and does not intend to discourage the filing of suits similar to the present one. *See* Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007) ("For the ADA to yield its promise of equal access for the disabled, it

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LACV 19-00066 JLS (AGR)                         Date:  February 14, 2019
Title:   Peter Strojnik Sr. v. Singpoli Group, LLC
_____

believes that he has complied with the Court's Order, Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

Against this background, the Court considers the relevant factors regarding whether to dismiss the present action for failure to obey the Court's Order:

> Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

The first factor favors dismissal.  Plaintiff's failure to comply with the Court's Order to serve the ADA packet has delayed the litigation.  Moreover, the purpose of the ADA packet is to introduce all parties to the availability of an alternative dispute resolution process implemented by the Court to facilitate early resolution of ADA access cases.  As to the second factor, where possible, the process is meant to allow for resolution of these cases with minimal Court involvement.  Thus, second factor also favors dismissal.  The third factor favors dismissal as Defendant was not alerted to the existence of an alternative dispute resolution process that can lead to early resolution of the action and cost savings.

The fourth factor, as it always does, weighs against dismissal.

---

may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.").  The Court instead requires that all counsel and all parties comply with easily ascertainable Court procedures and with all Court orders.

_____
### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  LACV 19-00066 JLS (AGR)                                Date:  February 14, 2019
Title:   Peter Strojnik Sr. v. Singpoli Group, LLC

    The fifth factor also weighs in favor of dismissal.  The Court ordered Plaintiff, an experienced attorney appearing pro se, to serve a packet of documents on Defendant.  He failed to do so.  The Court issued the OSC, alerting Plaintiff of his failure to serve the ADA packet, and specifically warning him of the consequences of the failure to comply.  Instead of availing himself of the second chance to comply with the Court's order, he provided "evidence" that was already part of the Court record, and that did not support his assertion that he had served the ADA packet.  He also responded that he was unfamiliar with the Court's procedures and that he hoped the Court would be satisfied with his late compliance.  As an experienced ADA litigator, Plaintiff clearly understood that the Court has specific procedures he must follow, and Plaintiff would have understood his obligation to serve the ADA packet had he reviewed the Notice to Parties.  Plaintiff was warned that his failure to comply would result in dismissal; nevertheless, he failed to comply, preferring to hide behind the implication that he was an inexperienced pro se litigant.  Under these circumstance, the Court finds that no lesser sanction will compel Plaintiff to comply with the Court's Order.

    On balance, the Court finds that four of the five factors support dismissal of this action.  The Court hereby DISMISSES this case with prejudice.

**IT IS SO ORDERED.**

                                                                    Initials of Preparer:  tg